

1 | EMPLOYMENT LAWYERS GROUP
KARL GERBER (SBN 166003)
2 | 13418 VENTURA BLVD.
SHERMAN OAKS, CA. 91423
3 | TELEPHONE: (818) 783-7300
FACSIMILE: (818) 995-7159
4
ATTORNEY FOR PLAINTIFFS, MICHAEL EVAN JAMES; JASON PAGE

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 16 2014

Sherri R. Carter, Executive Officer/Clerk
By Cristina Grijalva, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MICHAEL EVAN JAMES AND JASON PAGE<br><br>Plaintiffs,<br><br>vs.<br><br>AFL TELECOMMUNICATIONS LLC; DOES 1-100 INCLUSIVE<br><br>Defendants | CASE NO. **BC 551915**<br><br>COMPLAINT FOR DAMAGES, DEMAND FOR JURY TRIAL ON ALL CAUSES OF ACTION OTHER THAN SEVENTH FOR WHICH THE RELIEF IS EQUITABLE<br><br>1. MINIMUM WAGE VIOLATIONS UNDER CALIFORNIA LABOR CODE<br><br>2. OVERTIME AND DOUBLE TIME VIOLATIONS UNDER CALIFORNIA LABOR CODE<br><br>3. DAMAGES & RELIEF UNDER CALIFORNIA CONTROLLED STANDBY LAW AND/OR REPORT TIME LAW<br><br>4. COMMON COUNTS FOR REASONABLE VALUE OF SERVICES<br><br>5. CALIFORNIA LABOR CODE SECTION 202-203 VIOLATIONS FOR JAMES ONLY<br><br>6. LABOR CODE SECTION 226 VIOLATIONS<br><br>7. CALIFORNIA BUSINESS & PROFESSIONS CODE 17200 VIOLATIONS |

PLAINTIFFS complain and alleges as follows:

## GENERAL ALLEGATIONS

(Against All Named Defendants)

1. Plaintiff, MICHAEL EVAN JAMES, is a resident of the County of San Bernardino, State of California.

2. Plaintiff, JASON PAGE, is a resident of the County of San Bernardino, State of California..

3. At all times herein mentioned, Defendant, AFL TELECOMMUNICATIONS LLC has been a Delaware corporation licensed to do business in California, and requiring Plaintiffs to begin shifts from 16208 S. Vermont in Gardena, California 90247, and on occasion from a location on University in San Diego County both of which were their customers' locations.

4. The Plaintiffs are ignorant of the true names and capacities, whether individual, corporate, or associate, of those defendants fictitiously sued as DOES 1 through 100 inclusive and so the Plaintiff sues them by these fictitious names. The Plaintiffs are informed and believe that each of DOE defendants 1-50 reside in the State of California, DOES 51-100 reside in states other than California, and are in some manner responsible for the conduct alleged herein. Upon discovering the true names and capacities of these fictitiously named Defendants, the Plaintiff will amend this complaint to show the true names and capacities of these fictitiously named defendants.

5. Plaintiff, JASON PAGE, began working for Defendant on or about June 23, 2008 as a non-exempt telecommunications technician earning $25.00 an hour. At the present he earns $27.50 an hour.

6. Plaintiff, MICHAEL EVAN JAMES, began working for Defendant on or about April of 2009 as a non-exempt hourly telecommunications technician earning $23.00 an hour. He resigned on or about April of 2014.

7. The purpose of this lawsuit is to recover unpaid wages and related penalties because Plaintiffs were on restricted standby otherwise known as on call twenty four hours a day, seven days

a week, but were not paid for every hour they made themselves available to work for Defendant. The hours Plaintiffs were not paid for must be compensated for at a minimum of minimum wage because:

    a. There were extensive geographical limitations on the Plaintiffs' movement during each 24 hour day seven days a week while they worked for Defendant. Plaintiffs had to respond to calls to service one of Defendant's big clients within four hours. First they had to travel from their homes in San Bernardino to Gardena or San Diego to pick up equipment. It took a minimum of one hour to travel to Gardena, sometimes two to three hours, and generally a minimum of ninety minutes to three hours to travel to San Diego. It took time to pick up equipment, and then Plaintiffs had to drive to the customers' locations. All of this had to be done in a company truck the Plaintiffs kept at their homes which meant they could not be far from the company trucks. Best case scenario, Plaintiffs could be no more than an hour from their homes;

    b. The fact calls might come in at any given hour of a twenty four hour period was not a theoretical question. Plaintiffs routinely got calls at each hour during a twenty four hour period and found themselves constantly having to rush to these calls. In addition, midnight to 5 A.M. was very busy for one customer, but there were also restaurants and other businesses that needed service from 8 A.M. to 8 P.M. as well as the large client for Defendant that had the four hour rule;

    c. It was not possible to trade the on call assignment. There have been times in Page's employment, and continue to be, where he is the only technician in Southern California. Even when James also worked at Defendant it was not possible to trade assignments because one of the Plaintiffs might already be on an assignment when the call came in. In addition, some of the assignments required both Plaintiff, and there was a period of time within the last year in which both Plaintiffs were assigned to regularly work on a large Wells Fargo installation. The two Plaintiffs were the only technicians assigned to Southern California which ran from San Diego to the San Fernando Valley. With traffic, it was easily three hours from one end of the geography to the next;

    d. The Plaintiffs' lives were unduly restricted when they were not on the clock. They could not drink alcohol because the prospect of them having to drive the company truck always existed.

Page had to drive the company truck to places of amusement and have the persons he was going with including his family drive a separate vehicle because he might get called. Many times when the Plaintiffs were attempting to engage in personal activities they were called away by Defendant for a job. For example, Page was called out of a karate practice of his daughter whereby transportation had to be arranged for her, and he constantly had to drop his daughter off somewhere when he got a call. Both Plaintiffs recall leaving many recreational events, some they paid for, in order to answer a service call.

## FIRST CAUSE OF ACTION
## FOR MINIMUM WAGE VIOLATIONS
## (AGAINST DEFENDANT AND ALL DOE DEFENDANTS)

8. Plaintiffs reallege the information set forth in Paragraphs 1-7 and incorporate those paragraphs as though fully stated in this cause of action.

9. Based upon the total wages the Plaintiffs earned they did not earn minimum wage for every hour they were on call. Nor did they receive any compensation at all for being on call. Accordingly California Labor Code Section 1194 was violated.

10. Plaintiffs pray for relief under California Labor Code Sections 1194 and 1194.2 including liquidated damages to pay them minimum wage for all hours on call and worked, attorney fees, and costs.

## SECOND CAUSE OF ACTION
## FOR OVERTIME & DOUBLE TIME VIOLATIONS
## (AGAINST DEFENDANT AND ALL DOE DEFENDANTS)

11. Plaintiffs reallege the information set forth in Paragraphs 1-7, Paragraphs 8-10 of the First Cause of Action, and incorporate those paragraphs as though fully stated in this cause of action.

12. Based upon the total wages the Plaintiffs earned they did not earn enough at Defendant to be paid overtime or double time for the hours they worked in excess of eight in a day, twelve in a day, or double time when they worked four or more consecutive weeks without a day off and/or without a day of not having to be on call and/or working on call. Accordingly California Labor Code Sections 1194 requires the Plaintiffs to receive overtime and double time as well as California Labor Code Section 510.

13. Plaintiffs pray for relief under California Labor Code Section 1194 including unpaid overtime, double time, attorney fees, and costs.

## THIRD CAUSE OF ACTION
## VIOLATION OF CALIFORNIA CONTROLLED STANDBY/AND OR REPORT TIME LAW
## (AGAINST DEFENDANT AND ALL DOE DEFENDANTS)

14. Plaintiffs reallege the information set forth in Paragraphs 1-7, Paragraphs 8-10 of the First Cause of Action, Paragraphs 11-13 of the Second Cause of Action, and incorporates those paragraphs as though fully stated in this cause of action.

15. California law recognizes the concept of controlled standby being compensable pay. The 2002 Division of Labor Standards Enforcement Polices and Interpretations Manual Section 46.6.3 defines time spent waiting as hours in which employees must merely wait for something to happen, and specifies these hour constitute hours worked. Section 46.6.3 cites to Madera v. City of Madera, 36 Cal.3d 403 (1984); Armour v. Wantock, 323 U.S. 126 (1944); Skidmore v. Swift, 323 U.S. 134 (1944). Section 47.5.1. of the manual indicates on call time must be paid at least minimum wage unless there is an agreement to pay another rate which does not fall below minimum wage. Section 47.5 of the manual relies on Owens v. Local, 971 F.2d 347, 354 (9th Cir. 1992) as to what factors are considered in determining whether standby is controlled thereby subjecting the employer to payment to the employee for the time spent on call which are the largely the factors pled in Paragraph 7, and Section 47.5.6.1 states essentially the same. A number of California cases including Seymore v. Melton, 194 Cal.App.4th 361 (2011), being the last, essentially adopt these

positions in the Enforcement Manual and the authorities cited above in this paragraph. Other California bases of authority for on call time being compensable include Title VIII of the California Code of Regulations Section 11160(2)(J) which defines hours worked to be the time which the employee is subject to control of the employer including time suffered or permitted to work whether or not required to do so.

16. Although Plaintiffs contend the situation pled in this lawsuit is not an example of Reporting Time Pay which means the employee reports to work and is not put to work, California Code of Regulations Section 11160(5) does require reporting time pay to be paid of at least 2-4 hours per work day, and Industrial Welfare Commission Order No 16-2001(5) states the same. Plaintiffs contend that is not the measure because their work days were not merely eight hours a day and under controlled standby every hour of controlled standby must be paid at minimum wage and potential overtime and double time, Plaintiffs pray for relief under these reporting time pay theories including penalties under Section 18 of the Regulation and Wage Order which are $50 for the first violation and $100 for each subsequent violation.

17. Under this cause of action Plaintiffs pray for all relief available under the authorities pled in this cause of action in order to compensate them for what California recognizes as controlled standby and/or reporting time pay.

FOURTH CAUSE OF ACTION

COMMON COUNT FOR WORK AND LABOR PERFORMED (QUANTUM MERIUT)

(AGAINST ALL NAMED DEFENDANTS AND DOE DEFENDANTS)

18. Plaintiffs reallege the information set forth in Paragraphs 1-7, Paragraphs 8-10 of the First Cause of Action, Paragraphs 11-13 of the Second Cause of Action, Paragraphs 14-17 of the Third Cause of Action, and incorporates those paragraphs as though fully stated in this cause of action.

19. Plaintiffs allege they were not fully paid for all of their efforts at Defendant. These efforts include having to make themselves available for work twenty four hours a day. The manner

in which Plaintiffs had to make themselves available twenty four hours a day constitutes compensable time under the theory of controlled standby/on call. Although the Plaintiffs' lives were severely restricted as pled earlier in this complaint, they were not paid any additional compensation for having to make themselves available for work twenty four hours a day. This arrangement allowed Defendant to service a large geographic area with only two employees while rarely paying them overtime let alone never paying them for at least 120 of the hours a week they remained under restriction waiting for a call from Defendant. Plaintiffs are informed and believe the actual contract Defendant had with the large third-party who had the four hour rule specified Defendant was supplying more technicians than they did for the geography Plaintiffs worked. The value of the services Plaintiffs provided exceeded the pay they received. Defendant essentially received the services of three eight hour a day employees from each Plaintiff seven days a week. The wages that should be paid to Plaintiffs drastically exceed the compensation they received as they were paid approximate $22,844-$32,625 per year in James' case and less than $80,000 per year for the highest year in Pages' case whereas it would have cost a minimum of three times those figures to get the amount of coverage Plaintiffs provided 24 hours a day seven days a week.

20. Plaintiffs pray to be compensated for the reasonable value of their services and for the work and labor they performed. These figures are at least three times the approximate $22,844-$32,625 per year in James' case and less than $80,000 per year for the highest year in Pages' case as three times those amounts still would not compensate for the two weekend days each week the Plaintiffs remained at Defendant's call to work.

## FIFTH CAUSE OF ACTION
## FOR CALIFORNIA LABOR CODE SECTION 202-203 PENALTIES BY JAMES ONLY
## (AGAINST DEFENDANT AND ALL DOE DEFENDANTS)

21. Plaintiff, MICHAEL EVAN JAMES, realleges the information set forth in Paragraphs 1-7, Paragraphs 8-10 of the First Cause of Action, Paragraphs 11-13 of the Second Cause of Action, Paragraphs 14-17 of the Third Cause of Action, Paragraphs 18-20 of the Fourth Cause of

Action as they apply to him, and incorporates those paragraphs as though fully stated in this cause of action.

22. Plaintiff, JAMES, was not paid all of his due wages at the time he quit based upon the allegations in the first three cause of action. Plaintiff, JAMES, thereby is owed a California Labor Code Section 203 penalty for a violation of California Labor Code Section 202 for 30 days of his pay.

23. Plaintiff, JAMES, prays for California Labor Code Section 203 penalties as well as attorney fees and costs under California Labor Code Section 218.5 and interest under California Labor Code Section 218.6.

## SIXTH CAUSE OF ACTION
## FOR CALIFORNIA LABOR CODE SECTION 226 PENALTIES
## (AGAINST DEFENDANT AND ALL DOE DEFENDANTS)

24. Plaintiffs reallege the information set forth in Paragraphs 1-7, Paragraphs 8-10 of the First Cause of Action, Paragraphs 11-13 of the Second Cause of Action, Paragraphs 14-17 of the Third Cause of Action, Paragraphs 18-20 of the Fourth Cause of Action and incorporate those paragraphs as though fully stated in this cause of action.

25. Defendant violated California Labor Code Section 226 by failing to indicate the correct number of hours each Plaintiff worked, on each paystub. None of the paystubs including itemizations showed Plaintiffs working the on call hours alleged in this lawsuit, or being compensated for those hours.

26. Plaintiffs pray for statutory California Labor Code Section 226(e) damages of $50.00 for the first violation and $100.00 for each subsequent violation.

27. Plaintiffs pray for injunctive relief under California Labor Code Section 226(h) as well as attorney fees and costs in doing so.

28. Plaintiffs pray for attorney fees and costs under California Labor Code Section 218.5 and interest under 218.6.

8

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

SEVENTH CAUSE OF ACTION

FOR BUSINESS & PROFESSIONS CODE VIOLATIONS

(AGAINST DEFENDANT AND ALL DOE DEFENDANTS)

29. Plaintiffs realleges the information set forth in Paragraphs 1-7, Paragraphs 8-10 of the First Cause of Action, Paragraphs 11-13 of the Second Cause of Action, Paragraphs 14-17 of the Third Cause of Action, Paragraphs 18-20 of the Fourth Cause of Action, Paragraphs 24-28 of the Sixth Cause of Action, and incorporate those paragraphs as though fully stated in this cause of action.

30. Defendant violated California Business and Professions Code Section 17200 by violating the laws and statutes alleged in the causes of action other than common counts. These statutes are required of California employers. By violating these statutes Defendant was able to save hundreds of thousands of dollars a year in labor costs while violating the California Labor laws pled in this lawsuit. Defendant also falsely or deceptively represented to their customer they had a certain number of technicians when they did not and in turn expected Plaintiffs to be on call 24 hours a day seven days a week. These practices allowed Defendant to underbid and undercut their competitors who complied with California Labor laws, and did not falsely or deceptively cause their customers to believe they had appropriate staffing levels to avoid 24 hour a day on call employees whom were not compensate for that. These practices were unfair, unlawful, false, and deceptive competitive business practices.

31. Plaintiffs pray that California Business and Professions Code Section 17202 be utilized to enforce the labor laws specified in all causes of action other than the contract and conversion cause of action and require Defendant to pay Plaintiffs for all unpaid wages due.

32. Plaintiffs further pray that California Business and Professions Code Section 17203 be utilized to enjoin Defendant from further engaging in the unlawful and unfair business practices specified in this cause of action.

33. Under this cause of action, Plaintiffs also pray that equitable relief be given including disgorgement of Defendant's profits, the payment to the class members all money earned by

9

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Defendant while violating the California Labor Code Sections specified in this lawsuit, restitutionary relief and all remedies under this cause of action going back four years from the filing of this lawsuit.

WHEREFORE, the Plaintiffs pray a jury trial on all causes of action other than Seven for which the court shall provide all equitable relief available including disgorgement, restitution, and injunctive relief.

For all causes of action, Plaintiffs pray for:

1. For all costs and disbursements incurred in this suit;
2. For such other and further relief as the Court deems just and proper;
3. For interest, including prejudgment interest, on all causes of action other than the seventh;

For the First Cause of Action:

4. For all unpaid minimum wages due as well as liquidated damages under California Labor Code Section 1194.2;
5. Attorney fees and costs under California Labor Code Section 1194;

For the Second Cause of Action:

6. All overtime compensation due under California Labor Code Section 1194 as well as all overtime and double time compensation provided by California Labor Code Section 510;
7. Attorney fees and costs under California Labor Code Section 1194;

For the Third Cause of Action;

8. For all available damages and penalties allowed for California controlled standby and/or reporting time;

9. Attorney fees and costs under California Labor Code Section 218.5 and interest under Section 218.6;

For the Fourth Cause of Action for Conversion Plaintiffs pray for:

10. The reasonable value of the Plaintiffs' services likely to be three times or more what they were actually paid each year by Defendant;

For the Fifth Cause of Action for James Only:

11. For Labor Code Section 203 penalties equal to up to 30 days of all wages and benefits for each day all wages were not paid as required by California Labor Code Sections 201 and 202;

12. Attorney fees and costs under California Labor Code Section 218.5 and interest under Section 218.6

For the Sixth Cause of Action:

13. For California Labor Code Section 226 penalties up to $4,000 per Plaintiff;

14. For injunctive Relief;

15. For attorney fees under California Labor Code Sections 226 and 218.5; as well as interest under California Labor Code Section 218.6;

For the Seventh Cause of Action:

16. For all equitable relief available including injunctive relief.

11
COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

DATED: July 15, 2014          EMPLOYMENT LAWYERS GROUP

BY: _____
KARL GERBER,
ATTORNEY FOR PLAINTIFFS